IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ANTHONY PUMA,<br><br>    Defendant. | Case No: 21-cr-454-PLF |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF THE PRESS COALITION'S
APPLICATION FOR ACCESS TO VIDEO EXHIBITS**

The Press Coalition respectfully submits this reply memorandum in further support of its Application (Dkt. 57) for access to video recordings that the Government submitted to the Court in this matter (the "Video Exhibits"). The Government has strongly urged that the Video Exhibits—which include videos *Defendant himself recorded* with a "Go-Pro camera on his head" and that he "livestreamed on Facebook," and footage of Defendant entering and exiting the Capitol building—"should be promptly released to the public." *See* Gov't's Notice of Filing of Exhibits Pursuant to Local Criminal Rule 49, Dkt. 56. Despite Defendant's own creation and previous publication of much of the content, he now objects to release of the Video Exhibits on grounds that his "ability to be gainfully employed will undoubtedly be in jeopardy if the media releases the video exhibits in this case to the public." Defense Opp. to Application for Access to Video Exhibits ("Opp.") at 2, Dkt. 59.

Defendant concedes, as he must, that the common-law presumption of access attaches to the Video Exhibits and that the Press Coalition's Application should be granted unless he can overcome that presumption. Opp. at 2-3. Applying the factors outlined in *United States v. Hubbard,* 650 F.2d 293, 317-22 (D.C. Cir. 1980), the Video Exhibits should undoubtedly be released to the Coalition, "promptly" as the Government urges.

**Factor 1:** This factor addresses "the need for public access to the documents at issue," *Hubbard*, 650 F.2d at 317-18, and contrary to Defendant's representation, it "weighs heavily in favor of public access," *see United States v. Jackson*, 2021 U.S. Dist. LEXIS 49841, at *17 (D.D.C. Mar. 17, 2021). These Video Exhibits would allow the public to see for themselves "the assault on the Capitol building on January 6, 2021 and this effort to disrupt the democratic process in counting electoral votes," which remains of "deep national importance and public interest both as to the offense conduct and individuals involved." *Id.* Because the Application advances the "strong public interest in seeing real-time images of what happened that day," *In re Application for Access to Certain Video Exhibits* ("*In re Klein*"), No. 21-mc-78-RC, Dkt. 7, Factor 1 of the *Hubbard* test strongly favors disclosure.

**Factor 2:** This factor considers "the extent of previous public access to the documents." *Hubbard*, 650 F.2d at 319. As Defendant acknowledges, *see* Opp. at 5, the parties' sentencing memoranda includes photographs and screenshots of the Video Exhibits, as well as detailed descriptions of Defendant's alleged conduct as shown in the Video Exhibits. *See* Gov't's Sentencing Mem. at 4-12, Dkt. 55; Def.'s Sentencing Mem. at 15-18, Dkt. 54. These screenshots and quotes purportedly "depict defendant's most egregious conduct and therefore [have] already been made publicly accessible." *Jackson*, 2021 U.S. Dist. LEXIS 49841 at *20. Moreover, Defendant himself already made a number of the Video Exhibits publicly available through his Facebook livestream. Gov't's Sentencing Mem. at 11-12; *see also* Opp. at 5. Factor 2 thus weighs in favor of public access as well.

**Factor 3:** This factor considers "the fact that someone has objected to disclosure." *Hubbard*, 650 F.2d at 319-22. Here, Defendant alone, not a third party, has objected to

disclosure of the Video Exhibits, and therefore Factor 3 also favors public access. *See Jackson*, 2021 U.S. Dist. LEXIS 49841 at *20; *In re Klein* at 9.

**Factor 4:**  This factor considers "the strength of [any] property and privacy interests asserted." *Hubbard*, 650 F.2d at 319-22.  When weighing this factor, the Court considers whether there is "a possibility of public humiliation and degradation that would constitute an unconscionable invasion of privacy *to innocent third persons*." *Jackson*, 2021 U.S. Dist. LEXIS 49841, at *22 (emphasis added) (citation and quotation marks omitted).  Defendant cannot assert *any* privacy interest in videos that "were captured while he was participating very publicly with a mob assaulting the Capitol." *Jackson*, 2021 U.S. Dist. LEXIS 49841, at *22; *see also* Order at 2, *U.S. v. Rukstales,* 21-cr-41-CJN-5, Dkt. 150 (Capitol riot defendant had no privacy interest in video depicting him on January 6 given that "he willingly entered the Capitol and he has been convicted of parading, picketing, or demonstrating therein").  To the extent Defendant asserts that some footage captures statements he "made in private and in a private setting," *see* Opp. at 6, no reasonable expectation of privacy can exist where he recorded that footage himself, and in any event, he has not explained how his participation in the breach of the Capitol implicates any "private setting" such that releasing the video would be an "unconscionable invasion of privacy." *See Jackson*, 2021 U.S. Dist. LEXIS 49841, at *22.

**Factor 5:**  This factor considers the "possibility of prejudice" to the party objecting to access.  *Hubbard*, 650 F.2d at 319-22.  Defendant states he "has already been terminated from two places of employment due to media coverage of his involvement on January 6, 2021," and speculates that "[i]f actual videos of him on January 6 were to be released, he would likely again lose his stable job." Opp. at 7.  But, as Judge Nichols observed in response to another January 6 defendant's similar argument, "[w]hile public dissemination of the videos may cause . . .

additional public embarrassment, that is not the legal prejudice with which the *Hubbard* test is concerned." Order at 3, *U.S. v. Rukstales,* 21-cr-41-CJN-5; *see also Berliner Corcoran & Rowe LLP v. Orian*, 662 F. Supp. 2d 130, 135 (D.D.C. 2009) (rejecting defendants' request that court records be released in redacted form because "[a]lthough Defendants might be embarrassed by the public disclosure of formerly confidential communications, they have not identified any legal prejudice they would suffer if the redactions are not made").

Defendant acknowledges the public "has access to court documents, sentencing filings of the parties, and various other documents filed on the public record," and the sentencing hearing. Opp. at 7. However, "videos can do what words cannot," and the public has an "interest in understanding the conduct underlying the charges in these cases, as well as the government's prosecutorial decision-making." Order at 2, *U.S. v. Rukstales,* 21-cr-41-CJN-5; *see also Washington Post v. Robinson*, 935 F.2d 282, 292 (D.C. Cir. 1991) (rejecting request that judicial record remain under seal as disclosure "could hardly have posed any *additional* threat" to a criminal investigation given the substantial amount of already-public information) (emphasis added).

**Factor 6:** This factor considers the purpose for which the records were introduced, *see Hubbard*, 650 F.2d at 319-22, and here the Government submitted the Video Exhibits for the purpose of persuading the court on the appropriate sentence for Defendant. *See Jackson*, 2021 U.S. Dist. LEXIS 49841, at *23 ("[T]here is a strong presumption of public access to documents that a litigant submits with the intention that the court will rely on them.") (internal marks omitted). Defendant objects on grounds that he "voluntarily provided his Go-Pro footage to assist the government in its investigation," Opp. at 8, but the factor considers why the materials were introduced, not how they were obtained by the submitting party.

In sum, the *Hubbard* test leads to the clear conclusion that the Press Coalition should receive access to all Video Exhibits without restriction and without delay. The alternative relief requested by Defendant, release of the surveillance footage Video Exhibits but not the Go-Pro footage, is inadequate given his failure to overcome the strong presumption of access to all Video Exhibits.

## CONCLUSION

For the foregoing reasons and those stated in the Application, the Press Coalition respectfully requests that the Court enter an order (1) directing the Government to provide the Press Coalition with copies of the Video Exhibits and (2) permitting the Press Coalition to republish those Video Exhibits without restriction.

Dated: February 17, 2023

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*